UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAMERON WILSON,<br><br>Plaintiff,<br><br>v.<br><br>MOHAN SEPLA and WYNDHAM HOTELS AND RESORTS, INC.,<br><br>Defendants. | Case No. 2:22-cv-00360-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Cameron Wilson's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. § 1915, the Court must review Wilson's request to determine whether he may proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). Because he is filing to proceed in forma pauperis, the Court must also undertake an initial review of Wilson's Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court will GRANT Wilson's application to proceed in forma pauperis by allowing him to pay the filing fee over time. The Court also finds Wilson's Complaint legally sufficient to survive initial review.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or

defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he cannot pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide himself and his dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (cleaned up).

The Court has examined Wilson's application to proceed in forma pauperis and finds that Wilson has not conclusively established his indigency. Wilson's Application does not meet the threshold requirement that it outline "affiant's poverty with some particularity, definiteness and certainty." *Id.* Though Wilson does not receive income from work or governmental assistance programs, he does not address other potential sources of income. This oversight is perplexing considering that he reports having $400 in monthly expenses. His application makes no mention as to how he covers these expenses or even if he covers them. Further, his only explanation for not having a job is that he suffers from mental illness, but he provides no documents to the Court to verify this information. Wilson also provides no information about his assets, instead leaving all lines blank. In short, there are insufficient details in Wilson's Application for the Court to find that he is indigent.

Still, to reduce the financial burden of filing, the Court will allow Wilson to pay the fee over time. Therefore, the Court determines that Wilson must pay the fee in $100

MEMORANDUM DECISION AND ORDER - 2

monthly installments. Failure to do so will result in the dismissal of all claims against the Defendants.

## III. SUFFICIENCY OF COMPLAINT

The Court must screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion of it, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i–iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and allowed to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

This Court is a court of limited jurisdiction and as such can only hear cases and controversies that involve a federal question (28 U.S.C. § 1331) or satisfy federal diversity jurisdiction requirements (28 U.S.C. § 1332). The Court will have original jurisdiction "of all civil action arising under the Constitution, laws, or treaties of the United States." *Id*. Additionally, the Court will have supplemental jurisdiction ". . . over all other claims that

are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367.

Here, Wilson asserts Idaho state-law claims of negligence against Mohan Sepla and Wyndham Hotels & Resorts. Dkt. 2, at 1–2. "In a negligence action the plaintiff must establish the following elements: '(1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of duty; (3) a causal connection between the defendant's conduct and the resulting injuries; and (4) actual loss or damage.'" *Jones v. Starnes*, 245 P.3d 1009, 1012 (Idaho 2011) (quoting *Hansen v. City of Pocatello*, 184 P.3d 206, 208 (Idaho 2008)). Wilson alleges that the defendants failed to secure headboards to the wall of the room he was lodging in. As a result, the headboard collapsed on top of him. This collapse, he claims, caused bodily injury by breaking open his lip, knocking out his tooth, and fracturing his nose. Dkt. 2, at 4. Wilson claims that the Defendants' alleged negligence cost him $89,998.87 in medical treatment and another $329,000 in lost earning capacity, pain and suffering, emotional distress, loss of enjoyment, and punitive damages. *Id.*

Given the low threshold at this stage in the pleadings, the Court finds that Wilson has alleged a plausible claim for relief. On the facts pleaded, is possible that defendants owed a duty to Wilson while he was lodged there. Moreover, it is plausible that defendants were negligent by failing to secure the headboard. Though more facts would be helpful, the Court's simple task at this stage is to ensure that the plaintiff has pled some plausible claim for relief, and Wilson has done so here. *See Iqbal*, 556 U.S. at 677–78 (2009).

MEMORANDUM DECISION AND ORDER - 4

## IV. CONCLUSION

Wilson has not adequately established his indigency. Even so, the Court will allow Wilson to make payments of $100 per month until he has paid the fee in full. Failure to make the required payments will result in the dismissal of all claims against the defendants. Because Wilson's Complaint is legally sufficient, his case may proceed.

## V. ORDER

1. Wilson's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is GRANTED. The Court will allow Wilson to make payments of $100 per month until the fee is paid in full.

2. After an initial review of the Complaint, the Court will allow Wilson to proceed with his claims against Defendants.

3. Wilson may proceed with service of the Summons and his Complaint in accordance with applicable procedures.[1] Under Federal Rule of Civil Procedure 4(c)(3) and 28 U.S.C. § 1915, the Court will concurrently issue a notice regarding service.

DATED: January 31, 2023

David C. Nye
Chief U.S. District Court Judge

---

[1] The Court advises Wilson that he is subject to the same rules of procedure as parties represented by counsel. *See United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984). Wilson may obtain additional information about how to proceed as a self-represented party, as well as copies of the Federal Rules of Civil Procedure and the District of Idaho Local Civil Rules, on the Court's website: http://www.id.uscourts.gov/district/forms_fees_rules/Civil_Rules.cfm.

MEMORANDUM DECISION AND ORDER - 5